UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WARREN LAVIN,

              Plaintiff,

v.                                 Civil Action No.

WINDWARD WAY RECOVERY LLC.,

              Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C.§ 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business in the Western District of New York and the conduct complained of occurred in the Western District of New York

### III. PARTIES

4. Plaintiff, Warren Lavin, is a natural person residing in County of Erie and State of New York.

5. Defendant, Windward Way Recovery LLC., is a domestic limited liability company organized under the laws of California doing business in the State of California.

6. That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(16), that originated, routed, and/or terminated telecommunications.

7. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. §153(39).

8. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to contact consumers.

9. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(28).

10. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(50).

11. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(59), that existed as instrumentalities of interstate and intrastate commerce.

12. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(2).

13. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

14. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

15. That on or about April 2020, the Plaintiff called the Defendant seeking information about their rehabilitation services.

16. During the initial telephone call with the Defendant, the Plaintiff did not agree or authorize to any follow up telephone calls or text messages to his cellular phone from the Defendant.

17. That the Plaintiff never signed any authorization allowing the Defendant to call or text his cellular telephone.

18. A week later, the Plaintiff began receiving telephone calls and text messages to his cellular phone from the Defendant.

19. The Plaintiff never gave consent to Defendant to send automated text messages or telephone calls to his cellular telephone

20. That during the first few telephone calls, Plaintiff requested that the Defendant cease calling and sending text messages.

21. That the Plaintiff never entered into any agreement with the Defendant relative to rehabilitation services.

22. Over the course of a year, Plaintiff has received approximately 100 text messages and telephone calls from the Defendant

23. That Defendant's automated text messages consumed .10 minutes per message to view on Plaintiff's cellular phone.

24. That Defendant's automated text messages sought to connect with the Plaintiff in order to "see how things are going".

25. That some messages from the Defendant stated: Good Morning, This is Robert from The Addiction Help Line. We wanted to check in and see how things are going? We are here to help, Call us at: (832) 734-6797.

26. Other messages from the Defendant stated: Good Morning, This is Jason from The Addiction Help Line. We wanted to check in and see how things are going? We are here to help, Call us at: (224)-347-7520.

27. The Plaintiff responded to the Defendant's text messages by texting them to please stop

28. That Defendant's automated voicemails consumed .27 minutes per voicemail to listen on Plaintiff's cellular phone.

29. That the voicemails left by the Defendant stated the following automated message: "..via text message press 2. To be removed from the call list press 3. [Long Pause] This is the Addiction Helpline following up. If you or a loved one are still struggling press 1. To repeat information via text message press 2. To be removed from the call list press 3."

30. Upon Plaintiff answering the Defendant's telephone calls, one of three scenarios would result.

31. In some instances, when the Plaintiff answered the Defendant's call, he would hear a "beep" following by a pause and the a live representative would come on the line.

32. Other times, the Plaintiff would answer the call from the Defendant and an automated prompt would play that upon completion would instruct the Plaintiff to press a key if he no longer wanted to receive calls from the Defendant.

33. That Plaintiff would press the stated key to opt of future calls and then the call would disconnect.

34. That despite following the above opt out instructions, Plaintiff would still receive calls and text messages from the Defendant.

35. The third scenario that occurred when Plaintiff would answer the Defendant's calls was that an automated prompt would play in its entirety and then a live representative would come on the line to speak to the Plaintiff.

36. When the Plaintiff was connected to a live person he would ask them to stop calling.

37. The live person would advise the Plaintiff that it would take 13 days for him to be added to the do not call list.

38. Even after these interactions, the Plaintiff would still receive telephone calls and text messages from the Defendant to his cellphone.

39. That the text messages and telephone calls made by the Defendant at times rendered Plaintiff's telephone unusable due to the excessive number of messages and calls.

40. That the text messages text messages and telephone calls from the Defendant are annoying and upsetting to the Plaintiff.

41. That upon information and belief, that the Defendant initiated multiple telephone calls and text messages to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted artificial messages.

V. COUNT ONE
(Telephone Consumer Protection Act of 1991
and 47 C.F.R. 64.1200, et seq.)

42. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

43. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.64.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating teletelephone calls to Plaintiff's telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver

messages without having consent of Plaintiff to make such calls and leave such messages.

44. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

45. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable teletelephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

46. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience emotional distress.

47. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs.

48. Plaintiff received multiple calls from Defendant using an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B),

49. The Defendant caused said teletelephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages  pursuant to the TCPA, 47 U.S.C.§227(b)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B).

(c) Treble damages pursuant to 47 U.S.C. §227(b)(3);

(d) For such other and further relief as may be just and proper.

Dated: September 1, 2021

/s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288 phone
Email: sandrews@kennethhiller.com
         khiller@kennethhiller.com